**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADRIAN GUILLE, | : |
| Petitioner, | : Civ. No. 23-2139 (PGS) |
| v. | : |
| THE MONTANA BOARD OF PARDONS AND PAROLE, et al. | : MEMORANDUM AND ORDER |
| Respondents. | : |

**PETER G. SHERIDAN, U.S.D.J.**

Petitioner, Adrian Guille ("Petitioner"), is a prisoner serving a sentence imposed by the court of the State of Montana at New Jersey State Prison, in Trenton, New Jersey pursuant to the Interstate Corrections Compact ("ICC"). (ECF No. 1 at 11; ECF No. 7-1 at 1.) Petitioner filed the instant petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Respondents filed a motion to change venue ("Motion"). (ECF No. 7.) Petitioner has not replied. For the reasons expressed below, Respondents' Motion will be granted and this matter will be transferred to the United States District Court for the District of Montana.

**I.**

On April 14, 2023, Petitioner filed the instant Petition. (ECF No. 1.) Petitioner alleges that the Montana Board of Pardons have wrongfully denied him an in-person

initial parole hearing in Montana. (*Id.* at 1, 5.) Petitioner is currently incarcerated at New Jersey State Prison ("NJSP"), serving a criminal sentence that was imposed by the court in the State of Montana. (*Id.* at 11.) Petitioner became eligible for parole in Montana in June 2022. (*Id.*)

The Petition names as Respondents: the Montana Board of Pardons and Parole; the Chief of Staff of the Montana Board of Pardons and Parole; the Attorney General of Montana; the Prison Commissioner of the State of Montana; the Director of Montana State Prison (collectively "Montana Respondents"); the Attorney General of New Jersey (misidentified in the Petition as Nicholas Falcone); the Commissioner of the New Jersey Department of Corrections; and the Director of New Jersey State Prison (collectively "New Jersey Respondents"). (*Id.* at 1.) Petitioner only asserts a claim against the Montana Respondents. (*See generally id.*)

Upon screening, the Court ordered Respondents to answer the Petition. (ECF No. 3.) The New Jersey Respondents submitted a motion to change venue, and requests the Court transfer this matter to the United State District Court for the District of Montana. (ECF No. 7.)

**II.**

As explained above, Petitioner acknowledges in his Petition that he is currently serving a Montana sentence at NJSP and challenges a Montana Board of

Pardons and Parole decision to deny him an in-person parole hearing. (*See* ECF No. 1.)

Section 2241 provides in relevant part:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). Furthermore, "[t]he district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." *Id.*

Courts may transfer a habeas corpus action "for the convenience of parties and witnesses to any other district where it might have been brought." *Verissimo v. I.N.S.*, 204 F. Supp. 2d 818, 820 (D.N.J. 2002) (citing 28 U.S.C. § 1404(a); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493–94 (1973)). Venue considerations include, but are not limited to, (1) where "the material events took place," (2) where the "records and witnesses pertinent to petitioner's claim are likely to be found," and (3) whether the forum is convenient for the parties. *Id.* at 493-94. In *Braden*, the Supreme Court addressed the question of the proper venue of a habeas petition

brought by an Alabama inmate challenging Kentucky's failure to bring him to trial on a then three-year-old indictment, concluding that venue was most appropriate in Kentucky. *Id.* at 500. The Court reasoned:

> [T]he State holding the prisoner in immediate confinement acts as agent for the demanding State, and the custodian State is presumably indifferent to the resolution of the prisoner's attack on the detainer. Here, for example, the petitioner is confined in Alabama, but his dispute is with the Commonwealth of Kentucky, not the State of Alabama. Under these circumstances it would serve no useful purpose to . . . require that the action be brought in Alabama.

*Id.* at 499-500; *see also Wilkins v. Erickson*, 484 F.2d 969, 973 (8th Cir. 1973) (allowing transfer of habeas corpus case from the District of South Dakota to the District of Montana because "Montana, the state of conviction and sentencing, is the most convenient forum because of the availability of witnesses and records").

A transfer of venue would be in the interests of justice as the original action, conviction, sentence occurred in Montana. Any parole records and potential witnesses would be located in Montana. Additionally, Montana parole law applies to Petitioner's claim that Montana Respondents are denying him an in-person parole hearing. Although Petitioner is confined in New Jersey, his claim is against the Montana Defendants. Considering all of the circumstances, the Court will grant New Jersey Respondents' motion to change venue and will transfer the action pursuant to the United States District Court, District of Montana. 28 U.S.C. § 1404(a).

## ORDER

This matter having come before the Court on Respondents' motion to change venue (ECF No. 7); the Court having considered the motion; and for the reasons stated above,

**IT IS** on this 8 day of January 2024;

**ORDERED** that Respondents' motion to change venue (ECF No. 7) is **GRANTED**; it is further

**ORDERED** that the Clerk of the Court shall transfer this habeas action to the United States District Court for the District of Montana, pursuant to 28 U.S.C. § 1404(a); it is finally

**ORDERED** that the Clerk of the Court shall serve this Memorandum and Order upon Plaintiff by regular U.S. mail and CLOSE this case.

                                                           PETER G. SHERIDAN, U.S.D.J.